**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MELVIN E. HARWICK,

      Plaintiff-Appellant,

v.

DWAYNE ANDERSON, individually
and as Sheriff of McClain County,
Oklahoma; McCLAIN COUNTY,
OKLAHOMA, a political subdivision
of the State of Oklahoma, by and
through its Board of County
Commissioners,

      Defendants-Appellees.

No. 97-6390
(D.C. No. CIV-96-1369-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Melvin E. Harwick was arrested pursuant to a bench warrant issued by a state court judge which stated on the face of the warrant that plaintiff would be released upon the posting of a $5000 cash bond. Plaintiff was detained in the McClain County, Oklahoma, jail for seven days before being arraigned. He brought this action under 28 U.S.C. § 1983 alleging violation of his constitutional rights as a result of the delay in the arraignment and because of insufficient attention to his medical needs while incarcerated. Plaintiff also brought various state-law-based tort claims. As defendants, plaintiff named Dwayne Anderson, individually and as sheriff of McClain County; McClain County, by and through its Board of County Commissioners; and John Does, unknown jailers and deputies.

In granting summary judgment for defendants, the district court found that plaintiff failed to allege facts to establish a county policy of wrongful imprisonment and denial of medical treatment and, therefore, could not maintain his claim against the county. As to the sheriff, who was sued both individually and in his official capacity, the court held that plaintiff had failed to show any individual participation on the part of the sheriff, thus dooming plaintiff's effort to establish individual liability. With regard to the official capacity claims

-2-

against the sheriff, the court again concluded that plaintiff had failed to set out facts tending to establish an official policy or custom or failure to train on the part of the sheriff. Because there was no showing of any personal involvement on the part of the sheriff, state law tort claims against him individually similarly failed. Further, because no individuals in the sheriff's employ were named as defendants, plaintiff failed to establish respondeat superior liability in tort to sustain the official capacity suit. Finally, the court found that plaintiff had withdrawn his claims brought under the Oklahoma Governmental Tort Claims Act.

In our de novo review of the grant of summary judgment, we apply the same standard as that used by the district court. See Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir. 1996). That standard is a familiar one: a court correctly grants summary judgment only where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As is required, we have examined the record in the light most favorable to plaintiff, as the nonmoving party, and have extended to him all reasonable factual inferences. See Jenkins, 81 F.3d at 990. We affirm.

The court properly granted the motion for summary judgment filed by the McClain Board of County Commissioners. "Under Oklahoma law, the Board has no statutory duty to hire, train, supervise or discipline the county sheriffs or their

deputies." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988).  Only by

showing that the Board "voluntarily undertook responsibility for hiring or

supervising [McClain] county law enforcement officers," id., would plaintiff even

be able to state a claim against the Board under these circumstances.  Plaintiff

made no such allegation.  To the extent plaintiff attempts to establish liability on

the part of the county through a theory of respondeat superior, his effort fails

because § 1983 does not encompass respondeat superior liability on the part of

a municipality.  See Monell v. Department of Social Servs., 436 U.S. 658, 691

(1978).

Turning to the sheriff individually, our review of the record reveals no

evidence of any personal participation by the sheriff in the incidents involving

plaintiff.  It is undisputed that the sheriff had no knowledge of plaintiff's long

incarceration without arraignment or the alleged denial of medical treatment until

he was informed by his attorney of this lawsuit.  The sheriff, therefore, cannot be

held individually liable for the situation that befell plaintiff.  See Bennett v.

Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an

essential allegation in a § 1983 claim."); see also Mee v. Ortega, 967 F.2d 423,

430-31 (10th Cir. 1992) (finding no § 1983 liability where there was no

affirmative link between the constitutional violation and the supervisor's own

actions, citing Meade, 841 F.2d at 1527).  Further, because plaintiff did not

identify a specific defendant or defendants who personally participated in the alleged harm, he cannot maintain a cause of action against the sheriff individually based on respondeat superior liability. See Andrews v. Philadelphia, 895 F.2d 1469, 1488 (3d Cir. 1990).[1]

Plaintiff also sued the sheriff in his official capacity, thus, in reality attempting to impose liability on McClain County. See Meade, 841 F.2d at 1529. "For a county to be held responsible, it must have caused the harm through the execution of its own policy or custom by those whose edicts or acts may fairly be said to represent official policy." Id. Plaintiff has proffered no evidence regarding any county policy or custom which could have caused his harm. He merely testified to his own knowledge of practices in other sheriff's departments and surmised that the policies and customs of defendant must have been the genesis of the harm to him. This is insufficient to sustain a claim against the sheriff in his official capacity.

Plaintiff argues that the testimony of Undersheriff Barrow is sufficient evidence of county policy. We disagree. Mr. Barrow testified as follows:

---

[1] Plaintiff complains that he was unable to specifically name defendants because jail personnel did not wear nametags. We note that the district court docket sheet reflects at least two extensions of the discovery deadline and an order authorizing the issuance of a subpoena for disclosure of records and appearance for deposition and trial. Given these and other means available to plaintiff under the Federal Rules of Civil Procedure, plaintiff should have been able to identify specific defendants.

Q: [H]ave you had other civil cases where the judges say till they meet the face of the bond, don't bring them over for an arraignment?

A. On occasion.

Q. On occasion? Can you tell me now many times?

A. I honestly don't remember.

Q. More than 10?

A. Less than 10.

I R. tab 39, Barrow deposition at 24-25.

We agree with the district court that this evidence is insufficient to establish a practice or policy on the part of the Sheriff's Department. Plaintiff provided no detail of the circumstances of those prior incidents. At best, the evidence identifies a practice of the county judges and not one of these defendants.

To the extent plaintiff claimed that the sheriff was liable for failure to train his deputies, plaintiff must put forth evidence tending to establish that "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). In order to be liable, the sheriff must have had notice that his departmental procedures were inadequate and substantially certain to result in a violation of plaintiff's constitutional rights. See id. at 396 (O'Connor, J., concurring in part). Specifically with regard to a failure to train claim, plaintiff "must prove 'the need

for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [sheriff] can reasonably be said to have been deliberately indifferent to the need' for additional training." Jenkins, 81 F.3d at 994 (quoting Harris, 489 U.S. at 396). Because plaintiff here seeks to establish liability on the basis of a single incident, he "must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued." Id. While the parties do not dispute that the sheriff had the authority to make decisions concerning the operation of the jail, there is no evidence that the failure to arraign plaintiff in a timely manner or the alleged failure to provide medical care were due to any action, inaction, or decision of the sheriff. Plaintiff's claims against the sheriff in his official capacity, therefore, must fail.

Plaintiff states in his opening brief that the federal court had no authority to dismiss his state court action. The federal court did not dismiss a state court action; it granted summary judgment to defendants on plaintiff's state law claims which were part of the federal lawsuit. The federal court had the power to do this and, indeed, was required to so act when plaintiff failed to establish a basis upon which he could prevail against defendants on the state law tort claims.

Finally, plaintiff asserts that the district court erred because it failed to consider the wording on the face of the warrant which directed the sheriff to take

plaintiff to the nearest magistrate. These words add nothing to the analysis and do not change the outcome of this case. The district court acknowledged that plaintiff's detention amounted to a prima facie due process violation under § 1983. Unfortunately for plaintiff, however, he was unable to show that the defendants he sued were liable for that violation.

AFFIRMED.

Entered for the Court


James K. Logan
Circuit Judge
